IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSHUA SHAW<br><br>    Plaintiff,<br><br>v.<br><br>CENTRUS ENERGY CORP., et al.<br><br>    Defendants. | Case No. 2:23-cv-03933<br><br>Chief Judge Algenon L. Marbley<br><br>Magistrate Judge Elizabeth Preston Deavers |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

I.   **Preliminary Statement**

Plaintiff's opposition to Defendant's motion to dismiss ("Opposition") confirms that this lawsuit is too late. There is no dispute that a two-year statute of limitations governs his claims. There is also no dispute that, given the **15 years** between Plaintiff's alleged cancer diagnosis and the date he filed his Complaint, Plaintiff must allege the discovery rule or some other basis to toll the statute of limitations. But Plaintiff fails to do so, and his Opposition provides no legally viable explanation for that failure.

First, Plaintiff appears to suggest that he can survive Defendants' motion to dismiss simply by lodging legal conclusions related to the discovery rule. This Court, however, has repeatedly held that a plaintiff "must affirmatively plead facts alleging the circumstances surrounding the discovery of [his] claim, including facts showing that the party acted diligently to ascertain the nature of the claim[,]" and it has granted motions to dismiss when plaintiffs failed to allege such facts. The Sixth Circuit and other Ohio courts have done the same. This case should be no different. Plaintiff provides no factual allegations about when he discovered

his claim, let alone the steps, if any, he took to diligently acquire that knowledge.  The absence of these factual allegations is fatal to the Amended Complaint under this Court's case law.

Second, Plaintiff argues that the statute of limitations has not run because he did not have the means to hire experts and conclusively establish a causal relationship between radiation released from PORTS and his alleged injury.  In other words, Plaintiff argues that the statute of limitations is tolled until he is certain of who wronged him and how, and until he can prove his claims.  Defendants dispute that Plaintiff will ever have such proof.  In any case, that is not the relevant inquiry for purposes of the statute of limitations.  The Sixth Circuit and the Ohio Supreme Court have held that **constructive knowledge of facts, rather than actual knowledge of their legal significance, is enough to start the statute of limitations running under the discovery rule.**  There has been extensive litigation (some of which was filed by the attorneys who represent Plaintiff no less), media coverage, and public meetings related to the alleged release of radioactive materials from PORTS.  There is simply no question that Plaintiff gained constructive knowledge more than two years before he filed the Complaint.  Thus, the Court should grant Defendants' motion and dismiss the Amended Complaint as untimely.

II. **Argument**

    A. **It is Plaintiff's Burden to Provide Factual Allegations that Support the Discovery Rule and Show He Acted Diligently.**

The parties agree that it is Plaintiff's burden to allege the discovery rule.  (Mot., Doc. 20 at PageID # 234; Opp., Doc. 28 at PageID # 290-91.)  They disagree, however, on what facts Plaintiff must allege to satisfy that burden.  Plaintiff argues that his allegations (1) "that no competent medical authority ever informed him that his AML was related to exposure to radiation from PORTS"; and (2) that he "did not know . . . of any factual or scientific basis establishing a causal relationship between his AML and radiation exposure, because any such

causal relationship can only be established by complex, costly and time-consuming expert analysis . . . ." must be accepted as both true and satisfying his burden to allege the discovery rule.  (Opp., Doc. 28 at PageID # 290.)  What Plaintiff fails to allege—and wrongly seeks to exclude from the discovery-rule analysis—are any facts that he exercised reasonable diligence to ascertain his potential claim during the 15-year period between his AML diagnosis and this lawsuit.

Plaintiff's failure is case dispositive.  This Court—and the Sixth Circuit—have repeatedly held that the plaintiff "must affirmatively plead facts alleging the circumstances surrounding the discovery of its claim, **including facts showing that the party acted diligently to ascertain the nature of the claim**." *Owner Operator Indep. Drivers Ass'n v. Comerica Bank*, 540 F. Supp. 2d 925, 930 (S.D. Ohio 2008) (Marbley, J.) (emphasis added); *Reid v. Baker*, 499 F. App'x. 520, 526 (6th Cir. 2012) (same); *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) (same); *Blizzard v. FCI Elkton*, No. 4:06 CV 2814, 2007 U.S. Dist. LEXIS 7451, at *9-10 (N.D. Ohio Feb. 1, 2007) (same).  Otherwise, the plaintiff fails to meet his burden to allege the discover rule, and the case is properly dismissed.  *E.g.*, *Reid*, 499 F. App'x at 526-27; *Gutierrez v. Burchinal*, No. 2:22-cv-02039, 2023 U.S. Dist. LEXIS 42293, at *7-10 (S.D. Ohio Mar. 13, 2023).

Plaintiff wrongly argues that these cases do not apply to him.  He says that they "all involved commercial disputes, not toxic exposure."  (Opp., Doc. 28 at PageID # 294.)  So, according to him, "applying the same 'reasonable diligence' standard to sophisticated business actors as one would a layperson alleging AML caused by past radiation exposure would plainly violate both the letter and spirit of the" Ohio Supreme Court's decision in *Norgard v. Brush Wellman*. *Id.*

3

*Norgard,* however, supports Defendants' argument that Plaintiff failed to adequately allege the discovery rule.  There, an employee who contracted chronic beryllium disease ("CBD") on the job filed an intentional-tort action against his employer.  *Norgard v. Brush Wellman*, 95 Ohio St.3d 165, 2002-Ohio-2007, 766 N.E.2d 977, ¶¶ 2-4.  The employer argued that the two-year statute of limitations began to run when the employee learned that he had contracted CBD at the workplace.  *Id.* ¶ 7.  The employee argued that the statute of limitations commenced when he discovered the employer's wrongful conduct.  *Id.*  The Ohio Supreme Court held that "a cause of action based upon an employer intentional tort accrues when the employee discovers, **or by the exercise of reasonable diligence should have discovered**, the workplace injury and the wrongful conduct of the employer."  *Id.* ¶ 8 (emphasis added).  Thus, contrary to Plaintiff's argument, the Ohio Supreme Court **does require** individual plaintiffs allegedly exposed to toxic materials to exercise (and allege) reasonable diligence.  Reasonable diligence was not an issue in *Norgard* because the employee tried to learn about the cause of his CBD by contacting the "EPA, OSHA, legislators, and doctors familiar with the disease," as well as a law firm who represented other employees who had CBD.  *Id.* ¶¶ 3-4.  By contrast, here, Plaintiff does not allege what actions, if any, he took to ascertain the cause of his AML over the 15-year period from his diagnosis in 2008 to the date he filed this lawsuit in 2023, which is reason to dismiss the Amended Complaint.

The rule that a plaintiff must allege **how** he exercised reasonable diligence to discover potential claims is not a novel concept that applies to only certain kinds of claims under Ohio law.  "[T]he due diligence requirement ensures that the plaintiff bears some meaningful, affirmative responsibility to determine facts that would form the basis for his or her cause of action."  *Doe v. Robinson*, 6th Dist. Lucas No. L-10-1032, 2010-Ohio-5894, ¶ 33 (internal

quotation marks omitted) (citation omitted).[1]  This Court, the Sixth Circuit, and other Ohio courts have applied the requirement uniformly, including in cases involving alleged exposure to toxic materials:

- In *Gutierrez v. Burchinal*, this Court applied the rule stated in *Owner Operator Independent Drivers Association* to a **pro se plaintiff**, holding that "for a party to avail itself of the discovery rule, it must affirmatively plead facts alleging the circumstances surrounding the discovery of its claim, including facts showing that the party acted diligently to ascertain the nature of the claim[,]" and dismissing the pro se plaintiff's claim because he failed to plead such facts.  *Gutierrez*, 2023 U.S. Dist. LEXIS 42293, at *7-10.

- In *Ball v. Union Carbide Corp.*, the plaintiffs alleged that they had developed (or were at an increased risk of developing) "cancer due to radioactive emissions" from a nuclear facility.  *Ball v. Union Carbide Corp.*, 385 F.3d 713, 718 (6th Cir. 2004).  The Sixth Circuit held that the statute of limitations began to run when the plaintiffs knew or reasonably should have known of their potential claims and found the claims untimely based on constructive knowledge of publicity.  *Id.* at 722-23.

- In *Mayor v. Ford Motor Co.*, the plaintiff filed a wrongful death case based on the allegation "that her husband's death was caused by occupational exposure to vinyl chloride."  *Mayor v. Ford Motor Co.*, 8th Dist. Cuyahoga No. 83297, 2004-Ohio-3289, ¶ 22.  The plaintiff "summarily plead[ed] in her complaint that she did not know or have reason to believe that his illness was work-related" until 2001.  *Id.* ¶ 24.  The court held that the statute of limitations started much earlier, as plaintiff was required to exercise reasonable diligence after her husband was diagnosed with brain cancer in 1993; she could not "simply sit back and wait for others to inform her of her possible claim."  *Id.* ¶¶ 24-25.

- In *Thompson v. Citizens National Bank*, the court held that an individual plaintiff who sued her bank had the "burden to demonstrate that she was unable to discover the cause of action . . . despite the exercise of reasonable care[,]" and it dismissed her claim because she provided only the legal conclusion "that she used 'due and reasonable diligence' . . . ."  *Thompson v. Citizens Nat'l Bank*, No. 1:14 CV 01197, 2015 U.S. Dist. LEXIS 111040, at *12, 18 (N.D. Ohio Aug. 21, 2015).

---

[1] The need for Plaintiff to provide factual allegations related to due diligence, if any, is particularly important here given the tenuous connection between Plaintiff's claim and Defendants—some of whom have been absent from PORTS for decades.

Plaintiff cites no cases to support his argument that a different pleading standard applies here, and no such cases exist. *Cacciacarne v. G.D. Seale & Co.*, cited by Plaintiff, is distinguishable. There, the court held that the "plaintiff's cause of action did not accrue until [her doctor] informed her she would not be able to conceive" because, "prior to that time[,] there was no certainty about plaintiff's condition, or the cause of her condition." *Cacciacarne v. G.D. Searle & Co.*, 908 F.2d 95, 97 (6th Cir. 1990). Defendants do not argue that Plaintiff's claim accrued before he was diagnosed with AML in 2008. Rather, Defendants argue that Plaintiff fails to allege what, if any, reasonable diligence he undertook to ascertain his potential claims or when he discovered the claims that he now asserts. (*See* Mot., Doc. 28 at PageID # 234-39.)

### B.     Plaintiff Fails to Meet His Burden.

Plaintiff's Opposition confirms that he has not—and cannot—meet his burden to allege the discovery rule. According to Plaintiff, he does not "make mere conclusory allegations." (Opp., Doc. 28 at PageID # 290.) He argues that he has alleged that he "did not know" of his potential claims until some unspecified time before filing the Amended Complaint, and that this is enough to avoid a motion to dismiss. (*Id.*) Plaintiff, however, need not have actual knowledge before the statute of limitations starts to run. *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 470 (6th Cir. 2013) (emphasis added). Instead, "constructive knowledge of facts, rather than actual knowledge of their legal significance, is enough to start the statute of limitations running under the discovery rule." *Flowers v. Walker*, 63 Ohio St. 3d 546, 549, 589 N.E. 2d 1284, 1287 (1992).

Moreover, Plaintiff offers no allegations—or argument—about how he exercised reasonable diligence. He merely says that he "did not know, nor should he have known by exercising reasonable diligence," about his potential claims. (Am. Compl., Doc. 19 ¶¶ 68-70.) These are textbook legal conclusions that should be rejected. *Eidson v. Tenn. Dep't. of*

6

*Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).  This Court applied the rule that the plaintiff "must affirmatively plead facts alleging the circumstances surrounding the discovery of its claim, including facts showing that the party acted diligently to ascertain the nature of the claim," to a pro se plaintiff in *Gutierrez* and **granted the defendant's motion to dismiss** because the plaintiff failed to allege those facts.  *Gutierrez*, 2023 U.S. Dist. LEXIS 42293, at *10, 14.  The courts in *Mayor* and *Thompson* did the same.  *Mayor*, 2004-Ohio-3289, ¶¶ 24-25; *Thompson*, 2015 U.S. Dist. LEXIS 111040, at *18.  There is no reason why this Court should not also apply that rule here.

Although the Court gave the pro se plaintiff in *Gutierrez* another chance to "address the factual deficiencies in his arguments related to the tolling of the statute of limitations," it need not be so lenient with Plaintiff here.  *Gutierrez*, 2023 U.S. Dist. LEXIS 42293, at *14.  Defendants moved to dismiss Plaintiff's original Complaint in February because Plaintiff alleged nothing about the discovery rule.  (Doc. 17.)  In response, Plaintiff, who is represented by the same attorneys who have sued Defendants in several other cases and are more than familiar with PORTS, amended the complaint to provide only legal conclusions.  (Am. Compl., Doc. 19 ¶¶ 68-70.)  Simply put, the lack of factual allegations related to what, if anything, Plaintiff did to ascertain his potential claims is dispositive, especially given the extensive litigation since 1990 (some cases filed by Plaintiff's same attorneys), media coverage, and public meetings related to alleged radioactive materials released from PORTS.  (*See* Mot., Doc. 20 at PageID # 236-37.)

To be clear, Defendants **do not** argue "that Plaintiff must plead a negative: i.e., that he must affirmatively plead that he never knew about any of [the many sources of constructive knowledge] to survive dismissal at this stage of the litigation."  (Opp., Doc. 28 at PageID # 292.)  Rather, Defendants simply argue that Plaintiff must allege facts about when he learned of his

7

potential claim, and the steps he undertook, if any, to acquire that knowledge. *See Bishop*, 520 F.3d at 520 ("it is not enough for plaintiffs to argue that the complaint, because it is silent as to when they first acquired actual knowledge, must be read in the light most favorable to them and construed as not precluding the possibility that they will be able to prove facts establishing their entitlement to relief."); *Thompson*, 2015 U.S. Dist. LEXIS 111040, at *18 ("Although the plaintiff states as a legal conclusion that she used reasonable and diligent efforts, she does not offer any specific factual allegations that would support this claim either directly or by reasonable inference."). Because Plaintiff fails to allege any such facts after purportedly amending his complaint to address the statute of limitations and discovery rule, the Court should dismiss his Amended Complaint with prejudice.

        **C.**        **The Discovery Rule Does Not Require Certainty.**

Plaintiff's only attempted explanation for why he did not bring his claim sooner—that "a causal relationship between his AML and radiation exposure . . . can only be established by complex, costly and time-consuming expert analysis well beyond the means or abilities of an ordinary person"—is insufficient. (Opp., Doc. 28 at PageID # 290.) "A plaintiff need not have discovered all the relevant facts necessary to file a claim in order to trigger the statute of limitations." *Flowers v. Walker*, 63 Ohio St. 3d at 549. In fact, "there is a long line of authority, including from the Sixth Circuit, that have held that the discovery rule **does not require** a plaintiff to have **certainty** about causation but **only awareness of a possible cause**." *Metz v. CSX Transp.*, C.P. No. G-4801-CI-202001484, 2021 Ohio Misc. LEXIS 2243, at *15 (Nov. 30, 2021) (collecting cases) (emphasis added); *see also Village of Milford v. K-H Holding Corp.*, 390 F.3d 926, 932 (6th Cir. 2004) ("the discovery rule does not permit a party to await certainty. To toll the limitations period because a prospective defendant denies its liability, or because the plaintiff lacks absolute certainty as to the tortfeasor's identity, would circumvent the purpose of

8

the statute of limitations."); *Newberry v. Serv. Experts Heating & Air Conditioning, LLC*, 806 F. App'x 348, 357 (6th Cir. 2020) (same). Again, that is why "constructive knowledge of facts, rather than actual knowledge of their legal significance, is enough to start the statute of limitations running under the discovery rule." *Flowers*, 63 Ohio St. 3d at 549. Furthermore, that is why the Sixth Circuit has held that "where events receive . . . widespread publicity, plaintiffs may be charged with knowledge of their occurrence" for purposes of the statute of limitations. *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000).

Plaintiff's attempts to distinguish *Hughes*, which Defendants outlined in their motion to dismiss at pages 12-13, are unpersuasive. (Mot., Doc. 20 at PageID # 237-38.) First, the fact that *Hughes* involved accrual under federal law is irrelevant because the law is substantively the same. Second, Plaintiff's assertion that the court's holding in *Hughes* turned on the plaintiff's purported actual knowledge of a news story is just wrong. The plaintiff argued "that she should not be charged with constructive knowledge because she did not hear or read any of the media reports" at issue. *Hughes*, 215 F.3d at 548. The Sixth Circuit rejected this argument, holding that "[t]he relevant inquiry . . . is an objective one[,]" and that the "publicity was sufficient to charge [the plaintiff] with **constructive knowledge** of the events underlying her cause of action." *Id.* (emphasis added).

*Hughes* is not an anomaly limited to the specific claims at issue in that case, as Plaintiff suggests. The Sixth Circuit applied *Hughes* in *Ball*—a case about cancer allegedly caused by exposure to radioactive material released from a nuclear facility:

> **The rule in this Circuit is that "where events receive . . . widespread publicity, plaintiffs may be charged with knowledge of their occurrence.**" *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000) (quotation omitted). A plaintiff is charged with constructive knowledge even when she claims that "she did not hear or read any of the media reports." *Hughes*, 215 F.3d at 548. "The relevant inquiry in [such] cases . . . is an objective one." *Id.* (citations omitted). That is, the question

> is whether a typical person would have been aware of a possible link between emissions and health risks.
>
> Given that local and national news media repeatedly covered the issue, and that the ORHASP publicized the progression of its study since its inception in 1992 and issued its preliminary results throughout, Plaintiffs should have been aware of a potential personal injury claim connected to Oak Ridge emissions or releases in 1998 or 1999 at the latest, when the ORHASP preliminary reports became available.

*Ball*, 385 F.3d at 722-23 (emphasis added).

Again, the same kind of widespread publicity exists here in the form of lawsuits, local and national news coverage, and public meetings. (Mot., Doc. 20 at PageID # 238-39.) As Defendants explained in their Motion, "courts may . . . take judicial notice of newspaper articles and other public information when considering a motion to dismiss." *In re Compuware Sec. Litig.*, 301 F. Supp. 2d 672, 682-83 (E.D. Mich. 2004). Plaintiff cites no contrary law.

Moreover, Plaintiff's attempts to downplay the publicity as insufficient to provide constructive notice of his potential claim are unpersuasive. Again, The Pike County News Watchman—**the newspaper in the county where Plaintiff lives**, *see* Compl. ¶ 2—reported on May 31, 2019, that a lawsuit filed by Plaintiff's attorneys "**alleges radioactive materials from Piketon plant were released** without public knowledge." (Doc. 20-2 at PageID # 244 (emphases added).) The article specifically notes that "[a]ccording to the lawsuit, plaintiffs and members of the class action suit **'have been and continue to be exposed to radioactive contaminants, which are known to be carcinogens (cancer-causing) substances**, at a concentration higher than expected for the general populace." (*Id.* at 246 (emphasis added).) The Cincinnati Enquirer articles from 2019 cited in Defendants' Motion also repeatedly reference that lawsuit, and the plaintiffs' allegations that they (and the surrounding community) were exposed to radioactive materials from PORTS. (Doc. 20-3 at PageID # 250 ("Up to 2,000

or more affected by radioactive material from Portsmouth plant, suit says."); Doc. 20-4 at PageID # 253 ("Lawsuit: Residents near Portsmouth Gaseous Diffusion Plant have been 'sacrificial lambs.'")) Furthermore, as Plaintiff's attorneys concede, they have held public meetings about these alleged issues (with experts) to recruit potential plaintiffs for additional lawsuits. (Opp., Doc. 28 at PageID # 291.) One such meeting in 2019 drew "several hundred people" whose main concern was cancer related to alleged exposure to radioactive materials from PORTS. (Doc. 20-6 at PageID # 265.) Ultimately, there can be no reasonable dispute that, at least by 2019, Plaintiff had constructive notice sufficient to trigger the applicable two-year statute of limitations. His lawsuit should thus be dismissed as untimely.

### III.     Conclusion

For these reasons, the Court should grant Defendants' Motion and dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

*/s/ Richard D. Schuster*
Richard D. Schuster (0022813)
    Trial Attorney
Alycia N. Broz (0070205)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio 43215
(614) 464-5475
rdschuster@vorys.com
anbroz@vorys.com

Jacob D. Mahle (0080797)
Jessica K. Baverman (0083951)
Wesley R. Abrams (0095746)
Vorys, Sater, Seymour and Pease LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, OH 45202
(513) 723-8589
jdmahle@vorys.com
jkbaverman@vorys.com
wrabrams@vorys.com

*Counsel for Defendants*