IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JOSHUA SHAW,** an Ohio Resident**,** : | |
| : | Case No. 2:23-cv-03933 |
| **Plaintiffs,** : | |
| : | Judge Algenon L. Marbley |
| v. : | |
| : | Magistrate Judge Elizabeth P. Deavers |
| **CENTRUS ENERGY CORP.,** *et al.*, : | |
| : | |
| : | |
| **Defendants.** : | |

## **OPINION & ORDER**

This matter comes before this Court on Defendants Centrus Energy Corp., United States Enrichment Corporation, Uranium Disposition Services, LLC, Bechtel Jacobs Company, LLC, and LATA/Parallax Portsmouth, LLC's (collectively, "Defendants") motion to dismiss Plaintiff's Amended Complaint. (ECF No. 20). For the reasons set forth below, the Motion is **DENIED.**

### I. BACKGROUND

#### A. Factual Background

Joshua Shaw spent nearly half of his life in a house on Dutch Run Road in Pike County, Ohio. He recalls a picturesque and simple childhood, raised on the lettuce, tomatoes, and potatoes grown in the family's backyard; the deer, grouse, and squirrel hunted from the surrounding wilderness; and the fish caught from nearby streams. The family's water supply came from wells which also provided their drinking water, and Joshua swam freely in the nearby creeks. Joshua's father worked a few miles away, as a pipefitter for a 3,777-acre Uranium enrichment plant ("PORTS") operated by Defendants. (ECF No. 19 ¶¶ 52-66). The plants enriched Uranium, used centrifuge-related equipment, converted depleted uranium hexafluoride, and provided, at least some, environmental remediation and waste management services. (*Id*. ¶¶ 26–41). Unbeknownst

to Joshua, the soil in which the potatoes, tomatoes, and lettuce grew; the well water he drank; the game meat he ate; and the streams he swam in were all contaminated by radionuclides. (*Id*. ¶ 56).

In August 2008, after experiencing ear pain for several weeks, Joshua was diagnosed with Acute Myeloid Leukemia ("AML"). A bone marrow biopsy revealed 77% blast cells at the time, and he was given induction chemotherapy ten days later. In September 2008, a second bone marrow biopsy and aspirate showed that he was in remission. After a sibling stem cell transplant, continued to experience chronic pain in April 2009. He was prophylactically prescribed acyclovir, Bactrim and Fluconazole. Although his stamina was improving, Joshua felt weaker than prior to his diagnosis. He continued to suffer from intermittent ear pain, which was treated with oxycontin and intermittent morphine; and nausea, which was treated with Phenergan. In November 2009, Joshua underwent another bone marrow biopsy, which revealed "AML with chromosome 7 abnormality." He continued experience intermittent bouts of anxiety. Although he "tolerated the chemotherapy well," due to his elevated risk, he was given "a T-cell depleted allograft on November 26, 2008." (ECF No. 1 ¶ 73). The fatigue caused by his recovery from AML caused him to miss work for several years, and he continues to suffer from the after-effects of AML, including anxiety and fatigue. (ECF No. 19 ¶¶ 68–75).

On May 13, 2019, Zahn's Corner Middle School is approximately two miles from PORTS, nearly the same distance from PORTS as the Plaintiff's childhood home on Dutch Run Road. (*Id.* ¶ 54). The school was closed in May 2019 after enriched uranium was detected inside the building. In addition, Neptunium-237 was detected by a nearby air monitor. (*Id.*).

A preliminary review of statewide cancer data recently obtained from the Ohio Department of Health revealed a large excess of childhood blood cancer in the area immediately surrounding the plant. (*Id.* ¶ 46). The counties which contain and are adjacent to the plant—namely Pike, Scioto,

2

Vinton, Adams, and Lawrence Counties—have the highest cancer rates in Ohio. (*Id.* ¶ 44). Recent studies show that the childhood blood cancer incident rate for the area around the plant was triple the average incident rate of other areas. (*Id.* ¶¶ 49-50).

### B. Procedural Background

On November 27, 2023, Plaintiff sued Defendants under the Price-Anderson Act (hereinafter "PAA"), 42 U.S.C. § 2210, *et seq.* Defendants moved to dismiss the original complaint and, on March 14, 2024, Plaintiff filed his Amended Complaint. (ECF No. 19). On May 9, 2024, Defendants again moved to dismiss the Amended Complaint, arguing that Plaintiff's claims are time barred. (ECF No. 20). Plaintiff opposed (ECF No. 28), and Defendants replied (ECF No. 32). This matter is now ripe for resolution.

### II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for a failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). And although the court "must accept all well-pleaded factual allegations in the complaint as true," the court "need not accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted). Finally, "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Raymond v. Avectus Healthcare*

3

*Sols., LLC*, 859 F.3d 381, 383 (6th Cir. 2017); *Taylor v. City of Saginaw*, 922 F.3d 328, 331 (6th Cir. 2019).

### III. LAW & ANALYSIS

The Sixth Circuit has held that Rule 12(b)(6) is "generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations," unless the allegations affirmatively show a claim is time-barred. *Cataldo v. United States Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). This is because the statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c), and a plaintiff "generally need not plead the lack of affirmative defenses to state a valid claim." *Cataldo*, 676 F.3d at 547 (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)); *see Father Flanagan's Boys Home v. Donlon*, 449 F. Supp. 3d 739, 743 (S.D. Ohio 2020) ("A motion to dismiss based on the statute of limitations . . . can be granted only where the defense appears valid from the face of the Complaint alone.").

Defendants here contend that Plaintiff's claims are facially time-barred under O.R.C. § 2305.10(A), because although he was diagnosed with AML in 2008 (ECF No. 19 ¶ 57), he did not bring his claims until 15 years later. According to Defendants, Plaintiff's allegations in the Amended Complaint are insufficient to invoke the discovery rule under O.R.C. § 2305.10(B)(1) to save his claims, because "[l]itigation related to PORTS has been off and on since the 1990s," and the alleged harmful releases of radioactive material from PORTS has been the subject of "pervasive news coverage" throughout the years. (*See* ECF No. 20 at 12–14).

Although O.R.C. § 2305.10(A) provides that "an action for bodily injury . . . shall be brought within two years after the cause of action accrues," another provision—O.R.C. § 2305.10(B)(1)—provides that the limitations clock on toxic exposure claims start *not* on the date of diagnosis, but on the date the plaintiff discovers that the injury is *related* to the exposure:

> [A] cause of action for bodily injury … caused by exposure to hazardous or toxic chemicals… accrues upon the date on which the plaintiff is informed by competent medical authority that the plaintiff has an injury *that is related to the exposure*, or upon the date on which by the exercise of reasonable diligence the plaintiff should have known that the plaintiff *has an injury that is related to the exposure*, whichever date occurs first.

O.R.C. § 2305.10(B)(1) (emphasis added). Plaintiff here alleges that, although he was diagnosed in 2008, no competent medical authority ever informed him that his AML was *related to exposure to radiation from PORTS*. (*See* ECF No. 19 ¶ 68). He further alleges that he "did not know . . . of any factual or scientific basis establishing a causal relationship between his AML and radiation exposure, because any such causal relationship can only be established by complex, costly and time-consuming expert analysis well beyond the means or abilities of an ordinary person;" and that he "did not know . . . that he had ever been exposed to radionuclides from PORTS, let alone at doses sufficient to cause bodily injury of any kind, because exposure and dose can only be established by complex, costly and time-consuming expert testing and analysis well beyond the means or abilities of an ordinary person." (*See* ECF No. 19 ¶ 69-70). These factual allegations are sufficient to invoke the discovery rule under O.R.C. § 2305.10(B)(1) and survive dismissal on statute-of-limitation grounds.

     Defendants' attempts to impute constructive knowledge through ongoing litigation and news coverage are unavailing. For one, the cases Defendants rely on are unrelated to toxic exposure and thus have not considered O.R.C. § 2305.10(B)(1). *See e.g.*, *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) (breach of fiduciary duty); *Thompson v. Citizens Nat'l Bank*, No. 1:14-cv-01197, 2015 U.S. Dist. LEXIS 111040 (N.D. Ohio 2015) (same); *Flowers v. Walker*, 63 Ohio St. 3d 546, 549, 589 N.E. 2d 1284 (1992) (medical malpractice). This Court is persuaded by Plaintiff's arguments that O.R.C. § 2305.10(B)(1) "specifically envisions cases like

5

this one, where exposure to virtually imperceptible toxic chemicals cause latent bodily injuries." (*See* ECF No. 28 at 11).

Moreover, as the Sixth Circuit explained in summarizing the relevant Ohio case law, "[g]enerally, notice, including constructive notice, is an issue of fact, and is normally determined by a jury." *Charash v. Oberlin College*, 14 F.3d 291, 300 (6th Cir. 1994). Questions of timeliness are therefore better left for summary judgment (or ultimately trial), when this Court can evaluate compliance with the statute of limitations arguments on a more complete factual record.

Accepting Plaintiff's allegations as true, as this Court must at this stage, the Amended Complaint is sufficient to invoke the discovery rule in O.R.C. § 2305.10(B)(1). This Court therefore declines to dismiss Plaintiff's claims as time-barred.

IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (ECF No. 20) is **DENIED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE**

**DATED: March 31, 2025**

6